**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MARY AINSWORTH, Widow and Personal
Representative of JAMES T. AINSWORTH, Deceased,
Individually, and on Behalf of ALL Wrongful Death
Beneficiaries, including Minor Children S. A., D. A.,
and M. A., for whom Mary P. Ainsworth is Mother
and Next Friend**                                     **PLAINTIFFS**

**v.**                                       **CIVIL ACTION NO. 2:10-CV-236-KS-MTP**

**CARGOTEC USA, INC. f/k/a HIAB, INC.
f/k/a CARGOTEC, INC.; and MOFFETT
ENGINEERING, LTD.**                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Moffett Engineering, Ltd.'s Motion to Certify for Interlocutory Appeal [100].

## I. BACKGROUND

This is a wrongful death and product liability case. Plaintiffs are the survivors of a Mississippi resident who was struck and killed by a forklift designed and manufactured by Defendant Moffett Engineering, Ltd. ("Moffett"). Moffett is an Irish corporation, and its principal place of business is in Dundalk, County Louth, Ireland. Moffett has never maintained a physical presence in Mississippi. It does not own, possess, or use any property in Mississippi. It has never had any officers, employees, or agents stationed in Mississippi, and it has never sent any of its employees to Mississippi for business purposes. It has never sought authority from the Mississippi Secretary of

1

State to conduct business in Mississippi. It has never directly shipped or sold any of its products to customers here, and it has never directly solicited business from any company located in Mississippi.

Moffett sells all of its products to Defendant Cargotec USA, Inc. ("Cargotec"), who then markets and sells Moffett's products throughout the United States. Cargotec has the exclusive right to market and sell Moffett's products pursuant to a contract which specifically defines the United States of America as Cargotec's sales territory. Cargotec sells or markets Moffett products in all fifty states. Moffett does not attempt to limit the territory in which Cargotec sells its products. Further, Moffett does not communicate with the end-purchasers of its products in any fashion, and it is not aware of their identities or locations. Cargotec takes orders from customers and relays the specifications to Moffett. According to the evidence currently before the Court, Moffett remains wholly unaware of who the purchaser is or where they are located throughout the process.

Cargotec directs its marketing efforts at two particular industries: the drywall industry and the poultry industry. The record is unclear as to the extent to which Moffett was aware that Cargotec focused its marketing efforts on these two industries. However, Moffett personnel travel to the United States two or three times a year to discuss sales forecasts with Cargotec personnel. During these meetings, they discuss whether there are particular issues with a product line that might affect sales and whether certain improvements to Moffett's designs might increase sales. Additionally, Moffett personnel periodically travel to the United States for trade shows.

Since 2000, Moffett has shipped over €254,000,000.00 worth of forklifts into the United States. From 2000 through September, 2010, Moffett sold 13,073 forklifts to Cargotec. Cargotec sold

203 of those forklifts to customers in Mississippi.[1] Therefore, customers in Mississippi have accounted for at least 1.55 % of Moffett's United States sales over the last decade, or roughly €3,950,000.00.

The Court previously denied Moffett's Motion to Dismiss for lack of personal jurisdiction. *Ainsworth v. Cargotec USA, Inc.*, No. 2:10-CV-236-KS-MTP, 2011 U.S. Dist. LEXIS 49665, at *21 (S.D. Miss. May 9, 2011). The Court held that Moffett was subject to personal jurisdiction in this Court because 1) it had entered into a sales and distribution agreement which specifically defined Cargotec's sales territory as the entire United States, 2) it was aware that Cargotec marketed its product's throughout the entire United States, and 3) it made no attempt to limit the scope of Cargotec's marketing efforts. *Id.* at *8-*16. Therefore, pursuant to the Fifth Circuit's decision in *Bean Dredging Corporation v. Dredge Technology Corporation*, 744 F. 2d 1081 (5th Cir. 1984), the Court found that Plaintiffs had satisfied the minimum contacts prong of the due process analysis because they presented evidence that Moffett placed its product in the stream of commerce destined for sale throughout the United States, and it was foreseeable that they would be subject to suit in Mississippi. *Ainsworth*, 2011 U.S. Dist. LEXIS 49665 at *16.

After the Court's decision, the Supreme Court of the United States issued its opinion in *J. McIntyre Machinery, Ltd. v. Robert Nicastro*, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011). Moffett subsequently filed a Motion for Reconsideration [59, 65], arguing that the *McIntyre* decision governs this dispute, and that the Court should reconsider its earlier decision. On September 23, 2011, the Court entered a Memorandum Opinion and Order [86] denying Moffett's Motion for

---

[1] Of course, this number excludes any forklifts sold to third-party retailers who then sold them in Mississippi.

Reconsideration. *See Ainsworth v. Cargotec USA, Inc.*, No. 2:10-CV-236-KS-MTP, 2011 U.S. Dist. LEXIS 109255 (S.D. Miss. Sept. 23, 2011). The Court observed that the *McIntyre* decision was fragmented; no opinion enjoyed the assent of five Justices. *Id.* at *16. Therefore, in applying the case, the Court must consider Justice Breyer's concurring opinion as the holding of the Court, as he concurred in the judgment on the narrowest grounds. *Id.*

Justice Breyer expressly declined to address the Supreme Court's split in *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987), as to whether mere foreseeability is a constitutionally sufficient basis for the exercise of personal jurisdiction under the stream-of-commerce theory. *McIntyre*, 131 S. Ct. at 2792. Instead, he considered *Mcintyre*'s facts according to each side of the *Asahi* split and concluded that the record contained insufficient evidence to justify the exercise of personal jurisdiction under either analysis. *McIntyre*, 131 S. Ct. at 2792.

In the present matter, this Court concluded that Justice Breyer's *McIntyre* opinion was only applicable to cases presenting the same factual scenario as that case. *Ainsworth*, 2011 U.S. Dist. LEXIS 109255 at *19. In *McIntyre*, the record only showed that a single machine manufactured by the foreign defendant had been sold and shipped to the forum state. *McIntyre*, 131 S. Ct. at 2792. In the present case, the record contains evidence that 203 Moffett machines have been sold to customers in Mississippi over the past decade, accounting for 1.55 % of Moffett's United States sales during that time period. *Ainsworth*, 2011 U.S. Dist. LEXIS 109255 at *19-*20. The Court held that difference was enough to remove the present case from the scope of *McIntyre*'s applicability. *Id.* at *20. Accordingly, the Court declined to depart from the Fifth Circuit precedents holding that mere foreseeability is a constitutionally sufficient basis for the exercise of personal jurisdiction under the

4

stream-of-commerce theory and denied Moffett's Motion for Reconsideration. *Id.* at *19-*20 (citing *Choice Healthcare, Inc. v. Kaiser Found. Health Plan*, 615 F.3d 364, 373 (5th Cir. 2010); *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 471 n. 9 (5th Cir. 2006); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 420 (5th Cir. 1993)).

## II. DISCUSSION

On October 24, 2011, Moffett filed a Motion to Amend and Certify [100]. First, Moffett requests that the Court amend its September 23, 2011, order to grant the Motion for Reconsideration and dismiss Plaintiff's claims as to it for lack of personal jurisdiction. Second, Moffett requests that the Court certify its September 23, 2011, order for interlocutory appeal.

### A. *Motion to Amend*

The Court denies Moffett's Motion to Amend the Court's September 23, 2011, Memorandum Opinion and Order [86]. "The federal rules do not provide for a motion requesting a reconsideration of a denial of a reconsideration. Were such motions permitted, it is conceivable that a dissatisfied litigant could continually seek reconsideration and prevent finality to the judgment." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009).

### B. *Motion to Certify for Interlocutory Appeal*

Moffett also requests that the Court certify its September 23, 2011, Memorandum Opinion and Order for interlocutory appeal. This Court may certify an interlocutory order for immediate appeal if it is "of the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Fifth Circuit

strictly construes the requirements of Section 1292(b). *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). Interlocutory appeals under Section 1292(b) are only granted in "exceptional cases." *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). "They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark-Dietz & Assocs.-Engrs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

The Court's September 23, 2011, Memorandum Opinion and Order involved a controlling question of law: whether the United States Supreme Court's *McIntyre* decision alters the Fifth Circuit's adherence to the stream-of-commerce theory of personal jurisdiction outlined in Justice Brennan's *Asahi* opinion.[2] The determination of this issue plainly controls the outcome of the case with respect to Moffett. If the Court has jurisdiction over Moffett, it may consider Plaintiff's claims as to Moffett. If it doesn't, Plaintiff's claims as to Moffett must be dismissed. Accordingly, the Court's order involved a controlling question of law.

Additionally, the resolution of the question will materially advance the litigation. Another court in this Circuit has rephrased this element: "A . . . key concern . . . is whether permitting an interlocutory appeal will speed up litigation." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (S.D. Tex. 2006) (punctuation omitted). "Stated another way, § 1292(b) is designed to minimize burdens 'by accelerating or . . . simplifying trial court proceedings.'" *Id.* (quoting 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (2d. ed. 1996)). As the Court already noted, the resolution of the question of law addressed in the Court's September 23, 2011,

---

[2]*Asahi Metal Indus. Co.*, 480 U.S. at 116-17, 107 S. Ct. 1026 (Brennan, J., concurring in part and in the judgment).

Memorandum Opinion and Order determines whether Plaintiff's claims as to Moffett may proceed. Furthermore, the issue may control the outcome of Plaintiff's entire case. The Mississippi Products Liability Act contains a provision intended to "immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." MISS. CODE. ANN. § 11-1-63(h). This issue has not been presented to the Court, and the Court has no preconceived idea as to how it would play out. Nonetheless, it is possible that the question of law addressed in the Court's previous orders could effectively determine the outcome of this entire case.

Finally, the Court must determine whether the controlling question of law at issue in this case is one for which there is a substantial ground for difference of opinion. Phrased differently, the Court must consider whether it is a "question about which reasonable jurists can . . . debate." *See Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010). The Fifth Circuit Court of Appeals has not determined what effect, if any, *McIntyre* has on the application of the stream-of-commerce theory of personal jurisdiction. However, other district courts in this Circuit have addressed the issue.

In one decision, the United States District Court for the Southern District of Texas explained *McIntyre*'s various opinions, but ultimately declined to choose among the various analyses. *Powell v. Profile Design LLC*, No. 4:10-cv-2644, 2011 U.S. Dist. LEXIS 121189, at *21 (S.D. Tex. Oct. 17, 2011) (observing that party failed to show that the foreign third-party defendant had "purposely availed itself of the privilege of conducting activities in Texas, or delivered its goods into the stream of commerce with the intention that they would be purchased by Texas users."). The United States District Court for the Eastern District of Texas reached the same substantive conclusion as this one – that the "mere foreseeability" test continues to apply in this Circuit, and *McIntyre*'s applicability

is limited by its facts. *Brooks & Baker, L.L.C. v. Flambeau, Inc.*, No. 2:10-cv-146-TJW-CE, 2011 U.S. Dist. LEXIS 112568, at *9-*11 (E.D. Tex. Sept. 30, 2011). However, a different decision out of the Eastern District of Texas employed the stricter analysis from Justice Kennedy's plurality opinion in *McIntyre* – a conclusion contrary to the one reached by this Court. *Keranos, LLC v. Analog Devices, Inc.*, No. 2:10-CV-207-TJW, 2011 U.S. Dist. LEXIS 102618, at *29-*30 (E.D. Tex. Sept. 12, 2011).

There have been a few other district court decisions in this Circuit that have cited or addressed *McIntyre*, but it is not necessary to discuss them. The cases cited above are at least sufficient to show that there exists room for debate as to whether the courts of this Circuit may continue to apply Justice Brennan's "mere foreseeability" analysis. Obviously, the undersigned believes that this Court's previous analysis is correct, and that *McIntyre* has little to no precedential value. Nonetheless, the Fifth Circuit Court of Appeals has not weighed in on the issue, and at least one other district court in this Circuit reached a contrary conclusion. In this Court's opinion, that is sufficient to show that there exists substantial ground for a difference of opinion – particularly in light of the dearth of cases addressing the issue in this Circuit.

### III. CONCLUSION

For all the reasons stated above, the Court **grants** Defendant Moffett Engineering Ltd.'s Motion to Certify for Interlocutory Appeal [100]. Pursuant to the discretionary authority granted by 28 U.S.C. § 1292(b), the Court certifies that its September 23, 2011 Memorandum Opinion and Order [86] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of the litigation.

    Moffett further requested that this matter be stayed pending the resolution of its appeal. In the event that Moffett applies for an interlocutory appeal, the Court shall enter an order staying these proceedings until the Fifth Circuit has either rejected the application or completed the appeal process.

    SO ORDERED AND ADJUDGED this 15th day of December, 2011.

                                                  *s/ Keith Starrett*
                                       UNITED STATES DISTRICT JUDGE